# Frank McDermott, on behalf of Laporte Township, Plff. in Err., *v.* Auditors of Laporte Township.

A paper signed by one in his individual capacity, to the effect that, if a public road is opened through his premises, he will not ask that the same be opened by public taxes for five years from the date thereof, is not admissible evidence in an action brought by a taxpayer of the township to prevent the town auditors from allowing a claim of such person as supervisor of the township for expenses incurred in opening the road under the order of the court of quarter sessions.

(Decided March 29, 1886.)

Error to the Common Pleas of Sullivan County to review a judgment for defendants in an action to prevent them, as town auditors, from allowing a claim presented to them. Affirmed.

At September session, 1879, S. Mead and others petitioned for a road through his farm and the farm of Peter White. On February 17, 1880, S. Mead was elected supervisor, and on that day he and Peter White made an agreement as follows:

We the undersigned, petitioners for a road which has been viewed and laid out from the public road near Dutchman's Run to the public road, between J. N. Messenger's and the tannery, agree that, if said road is confirmed, we will not ask that the same shall be opened by public taxes, except the taxes of ourselves and other settlers who may live upon said road, for five years from this date.           Salathiel Mead,
February 17, 1880.                 Peter White.

The road was subsequently confirmed, and an order was issued by the quarter sessions, directing Mead as supervisor to open the same; he complied and in the settlement with the auditors in 1882, he claimed $310.50, due him and White for work done on that road. The auditors gave him an order for $310.50, due February 17, 1885.

From this report Frank McDermott, a resident taxpayer, appealed. The issue was made up by the appellant, filing a statement claiming that S. Mead was not entitled to the sum of $310.50, by reason of the agreement of February 17, 1880. Mead filed a replication in which he asserted that the money was paid for work done on a public road, and, second, that it was not in conflict with the agreement of February 17, 1880.

On this issue plaintiff went to trial and offered in evidence the agreement of February 17, 1880, which was in the files and a part of the record of the quarter sessions; proposing to follow it with proof of the facts. The court refused to receive the agreement in evidence, on the ground that it bound Mead individually only, not in opening the road as an officer; although plaintiff offered to show that the order for opening the road was taken out and paid for by Salathiel Mead himself.

The jury found for Mead for part of the amount claimed; and plaintiff brought error.

*E. P. Ingham* and *A. L. Grim* for plaintiff in error.

*E. M. Dunham* for defendants in error.

Per Curiam:

There was no error in rejecting the evidence offered. It is wholly insufficient to defeat the claim of Mead as supervisor for all the work done on the road. Under the charge of the court the claim was largely reduced by the jury. There was no such estoppel as to entirely defeat a recovery.

Judgment affirmed.